IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VIELKA AMANTES,

                        Plaintiff,                      OPINION AND ORDER

    v.

                                                  08-cv-218-bbc

B&R MACHINE INC.,[1]

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Vielka Amantes was seriously injured when her hair became caught in a bag machine that she was using during the course of her employment. In this civil action for monetary relief, she alleges that her injuries were caused by defendant B&R Machine Inc.'s negligent design, manufacture, assembly, distribution and sale of the machine and that defendant is strictly liable for its acts and omissions. Jurisdiction is present. 28 U.S.C. § 1332.

      Several motions are before the court. On January 28, 2009, defendant moved for summary judgment on the ground that its predecessors, Davis Machine Corporation and Davis Manufacturing Corporation, designed, manufactured, distributed and sold the

---

[1] I have revised the caption to reflect defendant's correct name: B&R Machine Inc.

1

machine that injured plaintiff. Dkt. #25. On February 6, 2009, plaintiff moved for summary judgment on her strict liability and negligence claims. Dkt. #32. Twelve days later, she moved for leave to amend her complaint to add a claim of successor liability, arguing that it became apparent during discovery that defendant agreed to assume Davis's liabilities in an asset purchase agreement. Dkt. #37. Defendant opposes the motion to amend and asserts that it did not expressly or impliedly assume Davis Machine's and Davis Manufacturing's future liabilities. Also before the court is defendant's motion to strike plaintiff's proposed findings of fact, dkt. #57, filed for the first time with plaintiff's reply brief. Dkt. #59. Plaintiff has not opposed the motion to strike.

Because plaintiff unduly delayed amending her complaint and because adding a claim of successor liability would be futile, I am denying her motion to amend. I agree that plaintiff's proposed findings of fact should not be considered because they are not in compliance with this court's procedures regarding summary judgment motions. I also note that the proposed findings are not material to the dispositive issues in this case. Therefore, defendant's unopposed motion to strike, dkt. #59, will be granted. Because plaintiff has failed to adduce any evidence that defendant was responsible for the design, manufacture, assembly, distribution or sale of the bag machine at issue in this case, I am denying plaintiff's motion for summary judgment on her negligence and strict liability claims. I find no genuine issue of material fact from which a reasonable jury could find defendant liable as a corporate

2

successor for the acts or omissions of Davis Machine or Davis Manufacturing. Therefore, defendant's motion for summary judgment will be granted.

For the purpose of deciding this motion, I find from the facts proposed by the parties and the contents of the asset purchase agreement signed by defendant that the following facts are both material and undisputed.

UNDISPUTED FACTS

Plaintiff Vielka Amantes is an adult citizen of the state of Wisconsin. At all relevant times, she lived in Hudson, Wisconsin and was employed there by Duro Bag Manufacturing Company. Defendant B&R Machine, Inc. is an Arkansas corporation with its principal place of business in Camden, Arkansas. It previously operated under the name of Barnwell Acquisition.

On August 5, 1987, Duro Bag Manufacturing Company bought a bag machine from Davis Machine Corporation. Its sister company, Davis Manufacturing Corporation, manufactured the machine, which was shipped to Duro Paper Bag Manufacturing on June 22, 1988. On December 27, 1988, defendant's predecessor, Barnwell Acquisition, was incorporated. Two days later, Barnwell Acquisitions entered into an asset purchase agreement with Davis Machine, Davis Manufacturing, A. R. Davis, Martha Jane Hooper and Roy Ed Davis. Under the agreement, Barnwell purchased the following assets that Davis

3

used in its machine manufacturing business in Camden, Arkansas: raw material inventory, parts inventory, machinery, equipment, certain prepaid items and work-in-process. Paragraph nine of the agreement provided "No Liabilities Assumed. Purchaser assumes no pre-existing liabilities of any nature of Sellers." The parties agreed that the purchase agreement would be governed by Arkansas law. On or about December 30, 1988, Barnwell changed its name to B&R Machine, Inc.

Plaintiff alleges that on November 14, 2005, she was injured when her hair became caught in a "B&R Machine bag machine" that she was operating in the course of her employment. On April 17, 2008, plaintiff commenced suit against defendant, alleging claims of negligence and strict liability. In the complaint, plaintiff alleges that defendant designed, manufactured, distributed, supplied, assembled, sold, and was otherwise involved in the design and manufacture of the machine on which she was allegedly injured. The complaint contains no mention of Davis Machine Corporation or Davis Manufacturing Corporation and does not allege that defendant succeeded to the liabilities of those companies.

OPINION

A. <u>Choice of Law</u>

In this case, a choice of law issue arises because defendant is an Arkansas corporation and the asset purchase agreement is governed by Arkansas law and plaintiff is a resident of Wisconsin and the accident at issue occurred in Wisconsin. "A federal court sitting in diversity looks to the conflict-of-laws rules in the state jurisdiction in which it sits in order to choose the substantive law applicable to the case." <u>Massachusetts Bay Insurance Company v. Vic Koeing Leasing, Inc.</u>, 136 F.3d 1116, 1122 (7th Cir. 1998) (citation omitted). Wisconsin law does not recognize a conflict unless the choice of one law over another will determine the outcome of the case, <u>Lichter v. Fritsch</u>, 77 Wis. 2d 178, 182, 252 N.W.2d 360, 362 (1977), or the laws at issue reflect public policies that are fundamentally at odds with one another, <u>Zelinger v. State Sand & Gravel Co.</u>, 38 Wis. 2d 98, 107, 156 N.W.2d 466, 470 (1968). Defendant asserts that because Wisconsin and Arkansas follow the same law with respect to the substantive issues in this case, Wisconsin law applies. Plaintiff does not object to defendant's position. Accordingly, Wisconsin law will be applied.

B. <u>Negligence and Strict Liability</u>

Plaintiff argues that she is entitled to summary judgment because she has "conducted discovery and obtained the facts necessary to prove the elements of her strict products

5

liability and negligence claims against defendant." Dkt. #34, at 5.  She asserts that because defendant did not conduct discovery or retain an expert, it "has failed to discover evidence capable of disputing the facts upon which plaintiff's strict products liability and negligence claims rely."  Id.  However, plaintiff did not submit any proposed findings of fact in support of her arguments until she filed her reply brief, and the facts that she proposed do not support the dispositive issues in her motion for summary judgment or suffice to defeat defendant's motion.  Kampmier v. Emeritus Corporation, 472 F.3d 930, 936 (7th Cir. 2007) (to avoid summary judgment, non-moving party must supply sufficient evidence for each essential element); Borcky v. Maytag Corporation, 248 F.3d 691, 695 (7th Cir. 2001) ("Factual disputes are 'material' only when they 'might affect the outcome of the suit under the governing law.'") (quoting Oest v. Illinois Department of Corrections, 240 F.3d 605, 610 (7th Cir. 2001)); Liu v. T & H Machine, Inc., 191 F.3d 790, 796 (7th Cir. 1999) (mere existence of some alleged factual dispute insufficient to defeat properly supported motion for summary judgment).

The preliminary pretrial conference order entered in this case makes clear the procedures to be followed on summary judgment.  It directs counsel to propose all facts necessary to sustain a party's position on summary judgment as findings of fact in a separate document and support them with admissible evidence.  July 15, 2008 Order, dkt. #15.  All litigants in this court are expected to read, understand and comply with these rules, whether

6

they are represented by counsel or proceeding pro se. Cowart v. City of Eau Claire, 571 F. Supp. 2d 1005, 1009 (W.D. Wis. 2008). Because plaintiff's proposed findings of fact do not comply with this court's procedures and are not material to the dispositive issues in this case, I will grant defendant's unopposed motion to strike them.

In any event, even if plaintiff had complied with the court's summary judgment procedures, she cannot prevail. Defendant did not design, manufacture, assemble, distribute or sell the machine in question. As a result, it cannot be found liable under either a theory or negligence or strict liability. Green v. Smith, 245 Wis. 2d 772, 792, 629 N.W.2d 727, 737 (2001) (to prove strict liability, plaintiff must prove product was in defective condition when it left possession or control of seller); Miller v. Wal-Mart Stores, Inc., 219 Wis. 2d 250, 260, 580 N.W.2d 233, 238 (1998) (to establish negligence, plaintiff must first show that defendant had duty of care). Kampmier v. Emeritus Corporation, 472 F.3d 930, 936 (7th Cir. 2007) (in order to avoid summary judgment, non-moving party must supply sufficient evidence for each essential element to allow reasonable jury to render verdict in his favor).

### C. Addition of Successor Liability Claim

Apparently realizing that she cannot succeed on her negligence and strict liability claims against defendant, plaintiff now seeks to add a claim of corporate successor liability.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend [its] pleading once as a matter of course at any time before a responsive pleading is served;" otherwise, amendment is permissible "only by leave of court." Whether to grant leave to amend a pleading pursuant to Rule 15(a) is within the discretion of the trial court, Sanders v. Venture Stores, Inc., 56 F.3d 771, 773 (7th Cir. 1995). The rule provides that leave "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), but a request to amend may be denied on several grounds, including undue delay, undue prejudice to the party opposing the motion or futility of the amendment. Sound of Music v. Minnesota Mining and Manufacturing Co., 477 F.3d 910, 922-23 (7th Cir. 2007); Butts v. Aurora Health Care, Inc., 387 F.3d 921, 925 (7th Cir. 2004).

Although plaintiff had 11 weeks to amend her complaint as a matter of course, she did not seek to do so until after the deadline for filing dispositive motions had passed. Sept. 29, 2008 order, dkt. #17 (rejecting parties' stipulation to extend deadline for amending pleadings by 30 days). In explaining the late filing, plaintiff's attorney avers that plaintiff learned only through discovery that the Davis corporations had dissolved and that Barnwell had entered into an asset purchase agreement with those companies. He also avers that at "the Rule 26 conference on July 15, 2008, it was discussed by counsel that defendant would be bringing a motion for summary judgment as to successor liability" and that if such motion was denied, "plaintiff would amend her pleadings to allege successor liability." Dkt. #37,

8

Exh. #1 at ¶¶ 4-6 and 13-14. Plaintiff says that she anticipated that defendant would file a prompt motion for summary judgment on the issue of successor liability and that if the motion was denied, the case deadlines would be adjusted accordingly and plaintiff would amend her complaint to assert successor liability. It seems odd that plaintiff would wait to amend her complaint until the court ruled against defendant. More to the point, I do not understand why plaintiff would wait to undertake discovery on successor liability if she expected defendant to move for summary judgment on that issue. In any event, it is clear from the affidavit that plaintiff knew of the potential successor liability claim as early as July 2008; she knew from the preliminary pretrial conference order that amendments to the pleadings were due September 30, 2008, dkt. #15; and she had sufficient time before then to conduct discovery with respect to the successor liability claim.

To the extent that plaintiff is arguing that defendant will not suffer prejudice because the parties agreed to a last minute amendment, her argument is not persuasive. On September 29, 2008, the court rejected the parties' stipulation for an enlargement of time in which to amend the pleadings. Dkt. #17. Although defendant had notice of a potential successor liability claim and discussed it at length in its summary judgment motion, allowing plaintiff to add a new claim at this late date would prevent defendant from raising other objections it may have related to the claim. Given plaintiff's untimely filing of the motion

9

and the potential prejudice to defendant, I am denying plaintiff's motion for leave to amend her complaint.

Even if the proposed amendment were timely, it would be futile. In most jurisdictions, including Wisconsin, "the general rule of successor liability in the context of asset purchase agreements is that a 'corporation which purchases the assets of another corporation does not succeed to the liabilities of the selling corporation,' subject to certain exceptions." Columbia Propane, L.P. v. Wisconsin Gas Company, 261 Wis. 2d 70, 86, 661 N.W.2d 776, 784 (2003) (citing Leannais v. Cincinnati, Inc., 565 F.2d 437, 439 (7th Cir. 1977)); see also Fish v. Amsted Industries, Inc., 126 Wis. 2d 293, 298, 376 N.W.2d 820, 823 (1985) (explicitly recognizing rule for first time in Wisconsin). The idea behind the rule is that one should be responsible for its "own act and not for the totally independent act of others." Leannais, 565 F.2d at 439. Further,

> An important reason for structuring an acquisition as an asset transaction is the desire on the part of a buyer to limit its responsibility for liabilities, particularly unknown or contingent liabilities. Unlike a stock purchase or statutory combination, where the acquired corporation retains all of its liabilities and obligations, known and unknown, the buyer in an asset purchase has an opportunity to determine which liabilities of the seller it will contractually assume.

Columbia Propane, 261 Wis. 2d at 90, 661 N.W.2d at 785-86 (quoting Byron F. Egan et al., Asset Acquisitions: A Colloquy, 10 U. Miami Bus. L. Rev. 145, 152 (2002)).

10

The rule has four recognized exceptions, only one of which is relevant in this case. Leannais, 565 F.2d at 439; Gallenberg Equipment, Inc. v. Agromac International, Inc., 10 F. Supp. 2d 1050, 1053 (E.D. Wis. 1998). In arguing that defendant succeeds the Davis corporations in interest and liabilities, plaintiff relies solely on the exception that liability may be imposed "where the purchasing corporation expressly or impliedly agreed to assume the selling corporation's liability." Leannais, 565 F.2d at 439.

The asset purchase agreement in this case provided that defendant would not assume any "pre-existing" liabilities. Plaintiff asserts that because her accident occurred after the execution of the agreement, it was not a pre-existing liability and defendant should be held liable. I do not find this argument persuasive. As defendant points out, the Wisconsin Supreme Court has held that this exception requires "an express or implied *assumption* of liabilities, not an express exclusion of liabilities." Columbia, 261 Wis. 2d at 88 (emphasis in original). To protect defendant, the asset purchase agreement did not have to state expressly that no future or unknown liabilities would be assumed. Because defendant cannot be held liable as a corporate successor as a matter of law, plaintiff is not entitled to summary judgment on such a claim. Accordingly, defendant's motion for summary judgment will be granted and plaintiff's motion for summary judgment will be denied.

11

ORDER

IT IS ORDERED that:

1. Plaintiff Vielka Amantes's motion for leave to amend her complaint, dkt. #37, is DENIED as untimely and futile.

2. Defendant B&R Machine Inc.'s motion to strike plaintiff's proposed findings of fact in support of its summary judgment motion, dkt. #59, is GRANTED.

3. Defendant's motion for summary judgment, dkt. #25, is GRANTED. Plaintiff's motion for summary judgment, dkt. #32, is DENIED.

4. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 23rd day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

12